IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Robert Antwon Harmon, Petitioner, v. Scotty Bodiford, Respondent. | ) | C/A No.: 5:26-1161-BHH-KDW<br><br>REPORT AND RECOMMENDATION |

Robert Antwon Harmon ("Petitioner"), proceeding pro se, filed this Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends the district judge dismiss the Petition in this case without prejudice and without requiring Respondent to file an answer.

I. Factual and Procedural Background

Petitioner is a pretrial detainee in Greenville County Detention Center. ECF No. 1 at 1. Petitioner alleges he is being held unlawfully because his search warrants were never stamped or filed, Greenville County Sheriff's Department's supplemental report does not have a date or time entry, and Magistrate Foster and Deputy Whatley work at the law enforcement center, which violates the neutral and detached clause. *Id.* at 6. Petitioner contends his speedy trial rights are being violated, and evidence was fabricated by the Greenville County Sheriff's Department that influenced the high bond Petitioner was given. *Id.* Petitioner also claims the state prosecution was brought in bad faith because Petitioner was never given a probable cause or bond hearing, and the

public defender was not there to represent Petitioner at the preliminary hearing. *Id*. at 7. Petitioner requests a proper probable cause hearing with proper representation and an affordable bond. *Id*. at 8.

II. Discussion

A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this Petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court,[1] the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B. Analysis

The undersigned finds Petitioner's claims concerning his pending criminal charges merit abstention. Under the *Younger* abstention doctrine, the court may not proceed with this action

[1] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. *See* Rule 1(b).

because federal courts cannot interfere with a State's pending criminal proceedings, absent extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37 (1971), *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The Fourth Circuit Court of Appeals has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). Here, the court finds that *Younger* abstention is appropriate and no exception to the doctrine applies. First, Petitioner is involved in an ongoing state criminal proceeding. If this court were to make factual findings that respondents acted improperly in pursuing criminal charges against Petitioner and setting Petitioner's bail, the court would be interfering with a pending criminal state court proceeding. Second, the Supreme Court has noted that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). Finally, Petitioner has the opportunity to present his excessive bail, improper preliminary hearing, and speedy trial claims, and any defenses to his criminal charges during his state court proceedings. Accordingly, the *Younger* abstention doctrine compels the court to abstain from exercising jurisdiction over Petitioner's claims. The undersigned recommends the instant Petition be summarily dismissed.

III. Conclusion and Recommendation

The undersigned recommends the court dismiss the Petition in the above-captioned case without prejudice and without requiring Respondents to file a return.

IT IS SO RECOMMENDED.

October 21, 2026
Florence, South Carolina

Kaymani D. West
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. [I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).